**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2294-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID HINESTROZA,

     Defendant-Appellant.

_____

Submitted September 21, 2022 – Decided September 28, 2022

Before Judges Haas and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 19-05-0609.

Joseph E. Krakora, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Matthew J. Platkin, Acting Attorney General, attorney for respondent (Amanda Frankel, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

After the trial court denied his motion to suppress evidence seized during a search of his home, defendant David Hinestroza pled guilty to second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). In accordance with the negotiated plea, the judge sentenced defendant to five years in prison, subject to a one-year period of parole ineligibility.

On appeal, defendant raises the following contention:

> THE CONTRABAND MUST BE SUPPRESSED BECAUSE THE STATE DID NOT ESTABLISH A SUFFICIENT CONNECTION BETWEEN DEFENDANT'S PURPORTED VIOLATION OF PAROLE AND A BELIEF THAT EVIDENCE OF THAT VIOLATION WOULD BE FOUND IN HIS HOME.

We affirm substantially for the reasons set forth in the trial judge's comprehensive written decision denying defendant's suppression motion. We add the following comments.

Defendant was on parole at the time of the search. Defendant's parole officer referred him to a community resource center program for employment assistance and other services. At the center, parole officers searched all of the parolees. The officers found that defendant had $300 in cash. The officers were concerned about this discovery because they believed defendant was

A-2294-20

unemployed. In addition, the cash was folded in a manner suggesting defendant was involved in drug trafficking.

The officers next required the program participants to undergo a urine test. Defendant tested positive for cocaine, alcohol, and oxycodone. Defendant admitted to drinking alcohol a few days earlier, which was a violation of the conditions of his parole. The officers swabbed defendant's hands for an ION scan and detected the presence of methamphetamine and cocaine.

Assistant District Parole Supervisor Stephen Tischio testified he had a "reasonable suspicion" that a parole violation had occurred, and authorized a search of defendant's cell phone for an explanation of why defendant was carrying a large amount of cash and had drugs in his system. In the phone, Tischio found a photograph of defendant "throwing up a gang sign" and another photograph in which defendant was carrying an assault rifle. Tischio also found text messages relating to drug transactions. Involvement in a gang, possession of firearms, and drug trafficking were all parole violations.

After reviewing the violations, Tischio ordered a search of defendant's home. The parole officers found a handgun, ammunition, and drug paraphernalia in defendant's bedroom.

3

Defendant argued that these items should be suppressed because the officers lacked the reasonable suspicion necessary to search his home. The trial judge rejected this argument. It is well established that a warrant is not needed to conduct a search of a parolee's home. Griffin v. Wisconsin, 483 U.S. 868, 873-74 (1987). The State only needs to show there were reasonable grounds to believe evidence of a parole violation would be found. Ibid. N.J.A.C. 10A:72-6.3(a) states:

> A parole officer may conduct a search of a parolee's residence when:
>
> 1. There is a reasonable articulable suspicion to believe that evidence of a violation of a condition of parole would be found in the residence or contraband which includes any item that the parolee cannot possess under the conditions of parole is located in the residence; and
>
> 2. An Assistant District Parole Supervisor or a higher level supervisor provides prior approval for the search or circumstances exist which require immediate action without prior approval from a supervisor.
>
> [See also State v. Maples, 346 N.J. Super. 408, 412 (App. Div. 2002).]

N.J.A.C. 10A:72-1.1 defines "reasonable suspicion" as "a belief that an action is necessary based upon specific and articulable facts that, taken together with

4

rational inferences from those facts, reasonably support a conclusion such as that a condition of parole has been or is being violated by a parolee."

The trial judge applied these standards and found that Tischio reasonably suspected that defendant violated his parole "in numerous ways. He tested positive for cocaine, methamphetamines, oxycodone[,] and alcohol. He admitted using alcohol." The parole officers also found photographs "of defendant holding a rifle and other images show[ing] defendant making gang signs with his hands." In addition, Tischio found "texts of drug transactions" in defendant's cell phone. The judge stated:

> These facts taken with all natural inferences reasonably support a conclusion that established "reasonable articulable suspicion to believe that evidence of a violation of a condition of parole would be found in the residence or contraband which includes any item that the parolee cannot possess under the conditions of parole is located in the residence," which satisfies the first prong of N.J.A.C. 10A:72-6.3(a).
>
> Sergeant Tischio then authorized the parole officers to search . . . defendant's residence. Sergeant Tischio is an Assistant District Parole Supervisor. A high-level supervisor or assistant district parole supervisor can provide authorization for the search of a parolee's home.

Because the State fully complied with the requirements of N.J.A.C. 10A:72-6.3, the judge denied defendant's motion to suppress the evidence the parole officers seized in the search of his home.

Our review of a trial judge's decision on a motion to suppress is limited. State v. Robinson, 200 N.J. 1, 15 (2009). In reviewing a motion to suppress evidence, we must uphold the judge's factual findings, "so long as those findings are supported by sufficient credible evidence in the record." State v. Rockford, 213 N.J. 424, 440 (2013) (quoting Robinson, 200 N.J. at 15). Additionally, we defer to a trial judge's findings that are "substantially influenced by [the trial judge's] opportunity to hear and see the witnesses and to have the 'feel' of the case, which a reviewing court cannot enjoy." Ibid. (alteration in original) (quoting Robinson, 200 N.J. at 15). We do not, however, defer to a trial judge's legal conclusions, which we review de novo. Ibid.

Applying these principles, we discern no basis for disturbing the trial judge's determination that the parole officers had "a reasonable articulable suspicion" supporting their belief that evidence of defendant's parole violations and additional contraband would be found in his home. Under these circumstances, the judge properly denied defendant's suppression motion.

A-2294-20

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2294-20